UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| DAVID JONES, individually and on behalf of all other similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. _____ ) |
| DEAD ZERO SHOOTING LLC, a Tennessee Limited Liability Company, d/b/a DEAD ZERO SHOOTING PARK; DEAD ZERO, a Tennessee Limited Liability Company, d/b/a DEAD ZERO SHOOTING PARK; JUSTIN DAVID WHALEY; SCOTT VICTOR; and RUSSEL THEURER, | ) JUDGE _____ ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff David Jones, on behalf of himself, individually, and on behalf of all other similarly situated individuals, by and through counsel, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and for cause of action against the Defendants, Dead Zero Shooting LLC d/b/a/ Dead Zero Shooting Park, Dead Zero d/b/a Dead Zero Shooting Park, Justin Whaley, Scott Victor, and Russel Theurer (hereinafter collectively referred to as "Defendants"), would state and show unto the Court as follows:

1. Plaintiff is a citizen and resident of Van Buren County, Tennessee, and at all times relevant hereto, resided in the Eastern District of Tennessee.

2. Defendant Dead Zero Shooting LLC is a Tennessee limited liability company doing business in Van Buren County, Tennessee as Dead Zero Shooting Park, with its principal place of business at 1195 State Route 111, Spencer, Tennessee 38585, and may be served with process at 11606 Channel Front Ct, Soddy Daisy, Tennessee 37379 through its registered agent, Justin David Whaley.

3. Dead Zero is the registered assumed name of Defendant Dead Zero Shooting LLC.

4. Defendant Dead Zero is the same entity as Defendant Dead Zero Shooting LLC.

5. Defendant Dead Zero is a Tennessee limited liability company doing business in Van Buren County, Tennessee as Dead Zero Shooting Park, with its principal place of business at 1195 State Route 111, Spencer, Tennessee 38585, and may be served with process at 11606 Channel Front Ct, Soddy Daisy, Tennessee 37379 through its registered agent, Justin David Whaley.

6. Defendant Justin David Whaley is a citizen and resident of Hamilton County, Tennessee, currently residing at 11606 Channel Front Ct, Soddy Daisy, Tennessee 37379, and may be served with process at that address.

7. Defendant Scott Victor is a citizen and resident of Hamilton County, Tennessee, currently residing at 3917 W Rd, Signal Mountain, Tennessee 37377, and may be served with process at that address.

8. Defendant Russel Theurer is, upon information and belief, a citizen and resident of Van Buren County, Tennessee, and may be served with process at 1195 State Route 111, Spencer, Tennessee 38585.

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to this claim occurred in the Eastern District of Tennessee, Winchester Division.

11. Defendant Justin David Whaley is the owner and Chief Executive Officer of Defendant Dead Zero Shooting LLC d/b/a Dead Zero Shooting Park and Defendant Dead Zero d/b/a Dead Zero Shooting Park (hereinafter collectively referred to as "Dead Zero Shooting Park").

12. Defendant Justin David Whaley acted directly or indirectly in the interest of Dead Zero Shooting Park in relation to Plaintiff, such as by hiring, supervising, paying, and managing Plaintiff and other employees.

13. Defendant Justin David Whaley exercised direct control over day-to-day operations of Dead Zero Shooting Park while Plaintiff was employed there.

14. Defendant Justin David Whaley has a substantial ownership interest in Dead Zero Shooting Park.

15. Defendant Justin David Whaley controls the finances of Dead Zero Shooting Park.

16. Defendant Justin David Whaley makes significant corporate decisions concerning Dead Zero Shooting Park.

17. At all times relevant to the Complaint, Defendant Justin David Whaley had operational control of significant aspects of Dead Zero Shooting Park's day-to-day functions, including the ability to hire and fire, the ability to supervise management employees, the power to set and control wages, and the maintenance of employment records.

18. Defendant Scott Victor is the General Manager of Dead Zero Shooting Park, and held that position during Plaintiff's employment.

19. Defendant Scott Victor acted directly or indirectly in the interest of Dead Zero Shooting Park in relation to Plaintiff, such as by hiring, supervising, paying, and managing Plaintiff and other employees.

20. Defendant Scott Victor exercised direct control over day-to-day operations of Dead Zero Shooting Park while Plaintiff was employed there.

21. At all times relevant to the Complaint, Defendant Scott Victor had operational control of significant aspects of Dead Zero Shooting Park's day-to-day functions, including hiring and firing, ability to supervise and manage employees, power to set wages, maintenance of employment records, and setting Plaintiff's schedule and compensation.

22. Defendant Russel Theurer is the Operations Manager of Dead Zero Shooting Park, and held that position during Plaintiff's employment.

23. Defendant Russel Theurer acted directly or indirectly in the interest of Dead Zero Shooting Park in relation to Plaintiff, such as by hiring, supervising, paying, and managing Plaintiff and other employees.

24. Defendant Russel Theurer exercised direct control over day-to-day operations of Dead Zero Shooting Park while Plaintiff was employed there.

25. At all times relevant to the Complaint, Defendant Russel Theurer had operational control of significant aspects of Dead Zero Shooting Park's day-to-day functions, including hiring and firing, ability to supervise and manage employees, power to set wages, maintenance of employment records, and setting Plaintiff's schedule and compensation

26. At all times relevant to the Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the Fair Labor Standards Act, and had annual gross volume of sales which exceeded $500,000.

27. Plaintiff was employed by Defendants within the last three years before the filing of this lawsuit, from approximately _____ to _____.

28. Plaintiff was employed by the Defendants as the Grounds Supervisor for Dead Zero Shooting Park.

29. While Plaintiff was employed by Defendants, Defendants were "employers" of Plaintiff as defined by Section 203(d) of the Fair Labor Standards Act.

30. While Plaintiff was employed by Defendants, Plaintiff was an "employee" of Defendants as defined by Section 203(e)(1) of the Fair Labor Standards Act.

31. While Plaintiff was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined in Section 203(r) and 203(s) of the Fair Labor Standards Act.

32. The minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, apply to Defendants.

33. During Plaintiff's employment with Defendants, Plaintiff routinely worked more than forty (40) hours per workweek.

34. Plaintiff was promised a regular hourly rate of $15.00 per hour, an overtime rate of $22.50 per hour, and a "double overtime" rate of $30.00 per hour.

35. Although Plaintiff routinely worked more than forty (40) hours in a workweek, Defendants routinely failed to pay him the mandated overtime rate of one and one-half times his regular hourly rate of $15.00 per hour for all hours worked over forty (40) in each workweek.

36. Defendants' failure to pay Plaintiff the mandatory overtime rate of one and one-half times his regular hourly rate of $15.00 per hour for all hours worked over forty (40) in each workweek was a direct violation of Section 207 of the Fair Labor Standards Act.

37. As a result of Defendants' failure to comply with Section 207 of the Fair Labor Standards Act, Defendants are liable to Plaintiff for backpay in the amount of all unpaid overtime.

38. Defendants' violations of Section 207 of the Fair Labor Standards Act were willful.

39. Defendants' violations of Section 207 of the Fair Labor Standards Act were not in good faith.

40. In addition to the unpaid overtime wages owing to Plaintiff as backpay, Plaintiff is also entitled to recover liquidated damages in an amount equal to the unpaid overtime wages due and owing to Plaintiff pursuant to 29 U.S.C. § 216(b).

41. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

42. Plaintiff is aware of other similarly situated individuals employed by Defendants who have been improperly compensated in violation of the Fair Labor Standards Act, and who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent with the Court pursuant to 29 U.S.C. § 216(b). Specifically, Plaintiff is aware of other current and former hourly employees of Defendants who work or have worked at Dead Zero Shooting Park that were subjected to the same policies, and consequently were not paid one and one-half times their regular hourly rate for all hours worked over forty (40) in each workweek.

43. All other hourly current and former employees who have worked for Defendants within the last three (3) years and who have not been paid one and one-half times their regular hourly rate for all hours worked over forty (40) in each workweek are similarly situated to Plaintiff and should be given notice of this lawsuit and the opportunity to join.

44. All other similarly situated current and former employees are also entitled to damages in the form of backpay, liquidated damages, and attorney's fees.

45. Pursuant to 29 U.S.C. § 216(b), attached hereto and filed with the Complaint is Plaintiff's Consent to Become Party Plaintiff.

WHEREFORE, Plaintiff and all other similarly situated individuals, respectfully request the following relief:

1. That the Court issue notice to all similarly situated employees of Defendants informing them of their right to opt in to this action;

2. That the Court enter judgment against the Defendants, and each of them, in favor of Plaintiff and all similarly situated individuals, for the amount of all unpaid overtime as backpay and liquidated damages pursuant to 29 U.S.C. § 216(b);

3. That the Court award Plaintiff and all similarly situated individuals pre-judgment and post-judgment interest as allowed by law;

4. That the Court award Plaintiff and all similarly situated individuals reasonable attorneys' fees, costs, and expenses incurred in this cause; and

5. All such general and further relief that the Court may deem just and proper.

Respectfully submitted,

MOORE, RADER,
FITZPATRICK & YORK, P.C.

/s/André S. Greppin
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for David Jones
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com