**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

| | |
|---|---|
| DAVID JONES, )<br>individually and on behalf of all )<br>other similarly situated individuals, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>DEAD ZERO SHOOTING LLC, )<br>a Tennessee Limited Liability Company, )<br>d/b/a DEAD ZERO SHOOTING PARK; )<br>DEAD ZERO, a Tennessee Limited )<br>Liability Company, d/b/a DEAD ZERO )<br>SHOOTING PARK; JUSTIN DAVID )<br>WHALEY; SCOTT VICTOR; and )<br>RUSSEL THEURER, )<br> )<br>Defendants. ) | Case No. 4:22-cv-22-CLC-CHS |

## JOINT MOTION TO APPROVE SETTLEMENT

Comes now the Plaintiff, David Jones, and the Defendants collectively, and jointly move the Court to approve the settlement reached by the parties in this case, and for the proposed Settlement Agreement and General Release to be executed by the parties. In support of this motion, the parties would state and show unto the court as follows:

Plaintiff brought this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S. C. § 201, *et seq*, alleging that Defendants failed to pay him one and one-half times his regular hourly rate for all overtime hours worked during his employment with Defendants. Plaintiff originally filed this lawsuit as a collective action on behalf of himself and all other similarly situated individuals, but elected to pursue pre-certification discovery to determine

whether to pursue his claims on an individual basis, either alone or with other named plaintiffs, or as a collective action. The Plaintiff now gives notice of his election to abandon the collective action allegations of the Complaint in favor of an individual settlement of his claims alone. No motion for conditional certification has been filed in this action, and no putative class members have received notice of this suit. However, district courts in the Sixth Circuit, including this Court, have previously allowed FLSA plaintiffs to abandon collective action allegations in favor of pursuing relief on an individual basis. *See e.g.*, *Stage v. PPG Industries, Inc.*, 2010 WL 11636633, at *1 (E.D. Tenn. 2010) (granting "Plaintiff's motion to amend the complaint to withdraw all references to a collective action."); *Bradley v. DiCillo Services, LLC*, 2022 WL 345013, at *1 (N.D. Ohio 2022) (entering default judgment solely on individual plaintiff's claims where FLSA plaintiff elected to abandon collective action claims in his motion); *McMasters v. Captain Friedt Tower Services, LLC*, 2022 WL 17104543, at *2 (N.D. Ohio 2022) (same). Plaintiff has agreed to compromise and settle his claims on behalf of himself alone.

The parties have negotiated at arm's length and have reached a settlement agreement, which the parties deem to be a fair, reasonable, and adequate resolution of a bona fide dispute over all of Plaintiff's claims, including Defendants' genuine dispute as to whether Plaintiff actually worked any hours for which he was not fully paid. The parties have agreed upon a proposed Settlement Agreement and General Release, which the parties hereby jointly request the Court to approve, and which they deem to be a fair, reasonable, and adequate resolution of this FLSA claim. The parties now seek the Court's approval of this settlement.

"In a collective action under the FLSA, factors relevant to finding a settlement fair, reasonable, and adequate include: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *West v. Emeritus Corporation*, 2017 WL 2880394, at *1 (M.D. Tenn. 2017). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Id*. Here, all factors weigh in favor of approving the settlement.

The settlement is not the result of fraud or collusion. Plaintiff was represented by experienced and able counsel throughout the litigation. The parties have engaged in a good-faith arm's length negotiation and have reached a settlement that is mutually agreeable based upon the facts and information revealed in discovery. The parties have a bona fide dispute regarding the amount of overtime worked and back wages owed to the Plaintiff. The settlement agreement represents a fair and reasonable compromise and resolution of that dispute in light of the facts revealed in discovery and the significant disputes between the parties as to even the core facts of the case. As courts have held, "'[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation.'" *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 WL 6707008, at *1

3

(E.D. Tenn. 2012) (quoting *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Defendants vigorously deny any liability or wrongdoing for Plaintiff's claims, and aver that Plaintiff was paid appropriately for all hours actually worked. Conversely, Plaintiff vigorously contends that the contemporaneous timekeeping records produced in discovery reflect that he was not paid for all compensable overtime as required by the FLSA. The parties' respective positions are diametrically opposed, and the resolution of this genuine dispute is an inherently factual question that can only be resolved at a trial on the merits, which would involve significant time and expense over a relatively small amount in controversy. This genuine dispute led to the bona fide settlement.

In recognition of this bona fide dispute, which can only be resolved by the finder of fact, the parties agree that the uncertainty of outcome and expense associated with protracted litigation would be contrary to their best interests. The parties agree that the Defendants have produced relevant information in discovery, but dispute the import of such information. The parties are in agreement that there is likely no objective, tangible evidence that will prove the true measure of Plaintiff's compensable overtime beyond that which has been exchanged, and oral discovery is not likely to provide any conclusive proof on that question. Accordingly, the parties and their counsel acknowledge and agree that the likelihood of success on the merits will depend largely, if not entirely, on witness credibility, and are of the opinion that it would be contrary to their best interests to continue with costly and protracted litigation in pursuit of an uncertain outcome. *See West*, 2017 WL 2880394, at *2 ("The Court views as reasonable Plaintiffs' preference of the certainty

4
Case 4:22-cv-00022-CLC-CHS   Document 41   Filed 04/28/23   Page 4 of 7   PageID #: 178

of the proposed settlement over the risks of continued litigation over the credibility of the parties' characterizations of her job duties.").

Moreover, as part of the settlement agreement, Plaintiff will receive compensation for all of his claimed overtime hours. Plaintiff claimed $765.00 in overtime pay due, and pursuant to this settlement, will receive a total sum of $1,000.00. Defendants maintain that Plaintiff is not owed any back pay as a result of unpaid overtime. The parties agree that this is a fair and reasonable compromise of the disputed claim. Plaintiff's attorney, André S. Greppin, will receive a total of $3,500.00 in attorney's fees and costs, which the parties agree is fair and reasonable in this case.

Finally, this settlement is in the public interest. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *West*, 2017 WL 2880394, at *2 (citation omitted). This settlement reflects a fair and reasonable compromise over disputed issues of compensable back pay. It is in the public interest to approve the parties' compromise in order to promote the policy of encouraging settlement of litigation.

WHEREFORE, the parties agree that the proposed settlement is a reasonable, fair, and adequate compromise of a bona fide dispute, and jointly move the Court to grant this motion, approve the settlement, and dismiss this action with prejudice.

Respectfully submitted,

MOORE, RADER,
FITZPATRICK & YORK, P.C.


/s/André S. Greppin
ANDRÉ S. GREPPIN / BPR #036706
Attorney for David Jones
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com


MILLER & MARTIN PLLC

/s/Scott E. Simmons
M. ELLIS LORD / BPR# 026442
SCOTT E. SIMMONS / BPR #029392
Attorneys for Defendants
832 Georgia Avenue
Suite 1200, Volunteer Building
Chattanooga, Tennessee 37402
Phone: (423) 756-6600
Fax: (423) 785-8475
ellis.lord@millermartin.com
scott.simmons@millermartin.com

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing was filed electronically on the date set forth below. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. mail. Parties may access this filing through the Court's electronic filing system.

M. Ellis Lord
Scott E. Simmons
Miller & Martin PLLC
832 Georgia Avenue
Suite 1200, Volunteer Building
Chattanooga, TN 37402
ellis.lord@millermartin.com
scott.simmons@millermartin.com

*Counsel for Defendants*

This the 28th day of April, 2023.

                                              /s/André S. Greppin