UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| DAVID JONES, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:22-cv-22 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| DEAD ZERO SHOOTING LLC d/b/a ) | Magistrate Judge Christopher H. Steger |
| DEAD ZERO SHOOTING PARK, DEAD ) | |
| ZERO d/b/a DEAD ZERO SHOOTING ) | |
| PARK, JUSTIN DAVID WHALEY, SCOTT ) | |
| VICTOR, *and* RUSSEL THEURER, ) | |
| ) | |
| *Defendants.* ) | |

# **M E M O R A N D U M**

Before the Court is the parties' joint motion for approval of a settlement agreement in this action. (Doc. 41.) For the reasons below, the Court will **GRANT** the motion (Doc. 41) and **APPROVE** the proposed settlement agreement (Doc. 41-1) (the "Proposed Settlement").

This case is brought under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* In the complaint, Plaintiff David Jones alleges Defendants violated his rights by failing to pay him one-and-one-half his hourly rate for all overtime hours worked during his employment with Defendants. (Doc. 1 at 6.) Defendants argue Plaintiff was paid appropriately for all hours he actually worked. (Doc. 41 at 4.)

Although the parties dispute Defendant's liability under the FLSA, they have reached a settlement agreement. The parties jointly move the Court to approve the Proposed Settlement and dismiss the lawsuit with prejudice. (Doc. 41.) The Proposed Settlement requires Defendants to pay $1,000 to Plaintiff as compensatory damages and $3,500 to Plaintiff's counsel for attorney fees and expenses. (Doc. 41-1 at 2.) Defendants will deliver the checks for those amounts to

Plaintiff's attorneys within the later of seven days of the Proposed Settlement's effective date or seven days of this Court's order granting the parties' joint motion. (*Id.*)

The Court has reviewed the Proposed Settlement and finds it is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *3 (E.D. Tenn. Dec. 26, 2012) (concluding FLSA settlement agreement of collective action was fair, reasonable, and adequate resolution of a bona fide dispute). Factors considered in determining whether a settlement is fair, reasonable, and adequate include

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). However, the Court only needs to analyze the weight and applicability of the factors that are relevant to the case and the proposed settlement. *Vassalle v. Midland Funding, LLC*, 708 F.3d 747, 754 (6th Cir. 2013). In addition to these factors, courts may consider the reasonableness of the settlement amount and attorney fees. *O'Bryant v. ABC Phones of N.C., Inc.*, No. 19-cv-02378, 2020 WL 7634780, at *15–16 (W.D. Tenn. Dec. 22, 2020).

As an initial matter, two factors are not relevant to this case. *See Vassalle*, 708 F.3d at 754. Factor five, the opinions of class counsel and class representatives, and factor six, the reaction of absent class members, need not be considered because Plaintiff elected to abandon the collective action allegations of the Complaint. (Doc. 41 at 2.)

Turning to the relevant factors, factor one, the risk of fraud or collusion, weighs in favor of approving the Proposed Settlement. This factor primarily focuses on improper behavior of

counsel and potential collusion between counsel for the parties. *Does 1–2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886, 897–98 (6th Cir. 2019). "[C]ourts customarily demand evidence of improper incentives for . . . counsel—such as a promise of excessive attorney fees in return for a low-cost, expedited settlement—before abandoning the presumption that . . . counsel handled their responsibilities with the independent vigor that the adversarial process demands." *Int'l Union*, 497 F.3d at 628. Here, there are no facts before the Court that establish, or even suggest, fraud or collusion. Without clear evidence otherwise, the presumption that counsel did not engage in fraud or collusion persists. *See id.*

Factor two, the complexity, expense, and likely duration of the litigation, and factor three, the amount of discovery completed by the parties, also favor approving the Proposed Settlement. As to factor two, the parties submit that the litigation would be costly and protracted with an uncertain outcome. (Doc. 41 at 4.) Regarding factor three, the parties have engaged in some written discovery and arbitration discussions to provide both sides with sufficient information to assess the relative strengths and weaknesses of their positions. (*See* Doc. 27 (providing notice of Plaintiff's interrogatories and production requests); Doc. 39 (granting Plaintiff's motion to compel discovery).) Based on the completed discovery, and in consideration of the time and expense of continued litigation, the parties have determined that the Proposed Settlement is the best way to resolve the dispute. (*Id.*) Thus, factors two and three weigh in favor of approving the Proposed Settlement.

Factor four considers the plaintiff's likelihood of success on the merits and is often characterized as the most important factor. *Déjà Vu Servs.*, 925 F.3d at 895. The parties agree that the likelihood of success on the merits "will depend largely, if not entirely, on witness credibility," rather than "objective, tangible evidence" that could prove how much overtime pay

Plaintiff is owed. (Doc. 41 at 4.) Therefore, although the likelihood of success is uncertain, the Proposed Settlement provides Plaintiff some measure of recovery. In light of this, factor four weighs in favor of approving the Proposed Settlement.

Factor seven, the public interest, likewise supports approving the Proposed Settlement. Settlements serve the public interest when they resolve complex litigation and conserve judicial resources. *Déjà Vu Servs.*, 925 F.3d at 899. The Proposed Settlement conserves judicial resources. Additionally, approving the Proposed Settlement encourages Defendant to ensure its employees are accurately classified, its time records are kept diligently, and its employees receive appropriate wages and legal protection. *See id.* (quoting *Levan v. Sears, Roebuck & Co.*, 984 F. Supp. 2d 855, 871 (E.D. Tenn. 2013)) ("[C]ourts have also found that . . . enforcing the FLSA furthers an important interest in 'encouraging employees and others to ensure that employers comply with laws governing employment.'"). Accordingly, factor seven supports approving the Proposed Settlement.

Having considered the relevant factors, the Court next looks at the reasonableness of the award to Plaintiff and the attorney fees set forth in the Proposed Settlement. *See O'Bryant*, 2020 WL 7634780, at *15–16. Plaintiff's award of $1,000 is reasonable given his claim that he is owed $765 in unpaid overtime wages. (Doc. 41 at 5.) As to the attorney fees, payment for attorney fees "to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The FLSA fee award "encourages the vindication of congressionally identified policies and rights," and therefore should be determined without "plac[ing] an undue emphasis on the amount of the plaintiff's recovery." *Id.* at 1134–35 (quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 498, 503

(6th Cir. 1984)). Indeed, the Court of Appeals for the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Fegley*, 19 F.3d at 1135 (quoting *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 1308 at *2 (6th Cir. 1985) (table)).

The Proposed Settlement states Plaintiff's counsel will be paid $3,500. (Doc. 41-1 at 2.) The FLSA requires an award for reasonable attorney fees because the monetary value of such claims typically is too small to support the cost of litigation. *See Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 617 (6th Cir. 2021). Although the parties do not provide the basis for reaching this figure, the parties agree the award of attorney fees and costs is fair and reasonable. (Doc. 41 at 5.) The Court also perceives the award to be reasonable based on the time and energy expended so far. Accordingly, the Court finds the attorney fees to be reasonable.

The relevant factors weigh in favor of approving the Proposed Settlement, and Plaintiff's award and the amount of attorney fees are reasonable. Accordingly, the Court finds the Proposed Settlement is fair, reasonable, and adequate. The Court will **GRANT** the parties' joint motion (Doc. 41) and **APPROVE** the Proposed Settlement (Doc. 41-1). This case will be **DISMISSED WITH PREJUDICE**, with each party bearing its own attorney fees and costs, except as otherwise provided in the Proposed Settlement.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**